# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**ERNEST S. ALLEN et al.**                                                                                        **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 3:06-CV-646-S**

**CITY OF LOUISVILLE et al.**                                                                            **DEFENDANTS**

## MEMORANDUM OPINION

The plaintiffs, Ernest S. Allen, Elizabeth C. Allen, and Robert T. Riley, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). The defendants have filed a motion to dismiss (DN 11). For the reasons set forth below, the defendants' motion will be granted and the action will be dismissed.

## I. SUMMARY OF CLAIMS

The plaintiffs' complaint names as defendants the City of Louisville, the Louisville Police Department, the Commonwealth of Kentucky, and the County Attorney. The complaint states as grounds for filing suit "16 years of civil rights violations" under various federal constitutional provisions "along with (A) Class (D) felony for tampering with expunged records." The claims in the complaint are difficult to discern. It appears that Ernest and Elizabeth Allen are married and Mr. Riley, their grandson, was arrested several times between 1991 and 1992 but that each time the charges were dismissed. It appears that the plaintiffs allege that the Louisville Metro Police Department tampered with expunged records, which the plaintiffs assert is a felony. They also appear to allege that the circuit court never let his case "have a complete trial." The complaint further alleges that "Louisville ABC took our liquor from our club with a search [and] violations [were] ultimately dismissed on January 7, 1994." The complaint also seems to allege that at the first trial, the prosecutor's wife was on "my trial"

as a juror. As relief, the plaintiffs request that "the Allens go back to court and get a fair trial."

Not long after filing the complaint, Mr. Allen filed a notorized letter in which he stated that he was writing about "16 years of civil rights violations by the City of Louisville, Louisville Police Department, Common Wealth of Kentucky and the County Attorney" and stating that in 1993 he filed a civil complaint in circuit court against the Louisville Police Department and that in 1995 the trial judge did not allow an amendment regarding more charges of violations to him and his family and that one of the jurors was the wife of a prosecutor (DN 6).

Defendants City of Louisville, the Louisville Police Department, and the County Attorney have filed a motion to dismiss (DN 11). In response, Mr. Allen has submitted a letter (DN 12), in which he states that he "will not go into detail [but that] [e]vidence will be submitted to the court and to your office. County Attorney Martin Kasden, Jr.[1] and the Louisville Metro Police committed a Class D Felony against me in tampering with official records concerning case #91M03309 which I was found not guilty. The record was expunged. However Martin Kasden, Jr. and a member or members of the Police Department have opened the record." Mr. Allen continues, "For information to substantiate this claim please check the Amended Complaint. Attorneys Mitchele J. Harlan and John Stewart on the witness list, both worked on this case in my behalf and should also be able to testify to the disposition of the case." Mr. Allen attaches numerous documents.

---

[1]It appears from various documents submitted as attachments to Mr. Allen's filings that Mr. Kasden was counsel for Mr. Allen in a civil, state-court suit styled *Allen v. Winn-Dixie*, No. 02-CI-08551. Mr. Kasden apparently moved to withdraw from that case after Mr. Allen filed a complaint against him with the Bar Association. Mr. Kasden also apparently represented Mr. Allen in *Commonwealth v. Allen*, No. 01-M-269299, in which a motion for expungement was made and granted in 2002, and in *St. Stephen Baptist Church v. Allen*, 99-CI-002869. There is no indication in the record that Mr. Kasden is or was a county attorney.

2

Mr. Allen also submitted a one-sentence document entitled "Plaintiffs Response to Objection to Dismiss = Motion," in which he states: "Comes Plaintiff Ernest S. Allen Object to Defendants Motion to Dismiss State a Claim Based Th[e] Following All the Documentation Hand Delivered to Court and Defendant Attorney on 9-26-07" (DN 13). Included in the attachments thereto is a letter addressed to the Court in which he states that if the Court will allow him to submit documentation he can show what he has been dealing with for the past 18 years with regard to his three lawyers, especially Martin Kasden, Jr.,[2] and that the evidence will show some tampering with his expunged records. He attaches various documents.

## II. MOTION TO DISMISS

The City of Louisville, the Louisville Police Department, and the Jefferson County Attorney have filed a motion to dismiss the complaint against them. They argue that given the confusing and conclusory nature of the complaint it must be dismissed for failing to state a claim. They also argue that the claims are barred by issue preclusion based on this Court's grant of a summary judgment in a lawsuit involving the same claims previously brought by the plaintiffs. *See Allen v. Louisville City Police Dept.*, No. 91-6277, 1992 WL 168097 (6th Cir. July 17, 1992) (per curiam). They also argue that the claims are barred by the statute of limitations and because the City of Louisville and the Louisville Police Department no longer exist. The Court finds that the claims in the complaint are time-barred and grants the motion to dismiss on that ground.

---

[2] Mr. Kasden is not a defendant in this case. Mr. Kasden was not named as a defendant in the original complaint or the amended complaint. A summons form for Mr. Kasden was appended to the original complaint but that summons was not issued by the Clerk of Court because Mr. Kasden was not a listed defendant in the complaint.

3

The defendants have attached to their motion to dismiss copies of documents entitled affidavits from the plaintiffs which, the defendants explain, they received as an attachment to the complaint, although a PACER search indicates that the Court may not have received them. Indeed, the documents were not filed with the complaint, but they were filed by the plaintiffs as an attachment to a letter (DN 9). The Allens' "affidavit"[3] states that in May 1990 the Louisville Police Department began blockading the streets around the Allens' business establishment, the Elizabethan Club, even though the club was being operated in a lawful manner. That "affidavit" also states that Mr. Allen was arrested for several alleged shoplifting occurrences in 1991, 1992, and 1993. It also details that in 1993 the City took liquor from Mr. Allen's establishment without a search warrant and that Louisville Alcohol Beverage Control Board charges against Mrs. Allen were ultimately dismissed in 1993. That "affidavit" also details that in 1995 Judge John Potter did not allow an amendment to Mr. Allen's case and that the wife of a Commonwealth Attorney sat on his jury.

Mr. Riley's affidavit outlines several incidents of harassment by the Louisville Police, all of which appear to have occurred in 1991 and 1992. Thus, the latest constitutional violation alleged in the complaint is from 1995.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to

---

[3] This document is neither signed nor sworn.

know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.

Having reviewed the plaintiff's complaint, the Court determines that the claims are time-barred. Most of the allegations in the complaint appear to have occurred in the early to mid-1990s. The latest allegation of a constitutional violation contained in the complaint appears to concern the refusal to amend the civil rights complaint in 1995. Nothing in the complaint suggests that the plaintiffs are complaining about events occurring thereafter. Furthermore, the plaintiffs knew of the alleged violations at the time they occurred. Therefore, the limitations period began to run at the latest in 1995. The plaintiff's complaint was not filed with this Court until December 2006, well after the statute of limitations had run. Since the plaintiffs' complaint was filed outside the one-year limitations period, the claims, which are based on alleged constitutional violations, will be dismissed as frivolous, pursuant to § 1915(e)(2)(B)(i). *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

The allegations concerning tampering with expunged records appear to have occurred later than 1995. An attachment to the plaintiffs' response to the motion to dismiss (DN 12) shows that records were expunged by court order on October 7, 2002, in *Commonwealth v. Allen*, No. 01 M 26299, Jefferson District Court. Another attachment to a supplement filed by the plaintiffs reveals that on August 14, 2003, the state court ordered that the expunged records were to be made available to the defendants in *Allen v. Winn-Dixie*, which appears to be a civil suit against Winn-Dixie for false arrest arising out of the same incident as was the subject of the expungement order. A statement by Mr. Allen filed as an attachment states that Mr. Allen's

5

attorney, Mr. Kasden, and attorneys for the defendant agreed among themselves to go into expunged records and that the expunged records were tampered with. However, the allegation in the complaint is that a felony occurred when the records were tampered with. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed against anyone based on the allegations of tampering. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970). Thus, the claim regarding expunged records must be dismissed for this reason.

### III. OTHER DEFENDANTS

Although the Commonwealth of Kentucky was named in the original complaint as a defendant, a summons was not issued because the plaintiffs failed to include a summons form for the Commonwealth. In any event, even had it been served, dismissal would be appropriate because the Court lacks subject matter jurisdiction over any claims against the Commonwealth of Kentucky pursuant to the Eleventh Amendment to the U.S. Constitution. Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). There are essentially three exceptions to the rule cited above: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young*, 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations. *See Barton,* 293 F.3d at 948. None of these exceptions exist in this case.

Because claims against the Commonwealth of Kentucky are barred by the Eleventh Amendment, the Court will dismiss them under FED. R. CIV. P. 12(b)(1) and 12(h)(3).

The Court also notes that seven additional summonses were attached to the complaint.[4] However, the persons named in the summonses were not named in the caption of the complaint as defendants, and therefore they are not parties to this action. *See* FED. R. CIV. P. 10(a).

### IV.  AMENDED COMPLAINT

The plaintiff's[5] "Amendment to Complaint" (DN 10) states that Mr. Allen wishes to amend the complaint to include violations of the First, Fourth, Seventh, Eighth, Ninth, and Fourteenth Amendments against defendants Stephen P. Ryan, Circuit Court Judge; Deborah Deweese, District Court Judge; First Resolution Investment Company; and Mapother & Mapother, PSC, each of whom, he asserts, acted in collusion to defraud him of $4,067.67.  The Court finds that under Rule 20(a) of the Federal Rules of Civil Procedure this amendment is not proper and that therefore it must be dismissed without prejudice.  Federal Rule of Civil Procedure 20 provides, in relevant part, that "all persons . . . may be joined in one action as defendants if . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20.  After a suit has already been commenced, an amendment changing, adding, or dropping parties requires leave of Court under FED. R. CIV. P. 21.  In this case, the plaintiff fails to meet the requirements of Rule 20 because

---

[4] Those summonses were for:  Judge John Potter; Judge Sean Delaney; John Stewart, Esq.; Mitchele J. Harlan, Esq.; Martin Z. Kasden, Jr., Esq.; Robert Florio, Assistant Commonwealth Attorney; and Talmay Anderson, Jr.

[5] The Amended Complaint lists only Mr. Allen as plaintiff.

his claims against Judges Ryan and Deweese, the First Resolution Investment Company, and Mapother & Mapother for defrauding him do not involve common questions of fact or law as related to the plaintiffs' claims against the existing defendants for civil-rights violations and tampering with expunged records. Because a plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein in his amended complaint, the claims in the amended complaint do not satisfy Rule 20(a) and must be alleged in a separate complaint filed in a separate action. *See Turner v. Taylor*, No. C 07-1553 MHP, 2007 WL 2778781, at *2 (N.D. Cal. Sept. 21, 2007). Therefore, the claims in the amended complaint will be dismissed without prejudice.

Date:


cc:     Plaintiffs, *pro se*
        Counsel of record
4411.009